# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1304 | **DATE** | 11/14/2001 |
| **CASE TITLE** | FOSTER vs. SEARS LOGISTICS SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Sears Logistics Services, Inc.'s Rule 12(b)(6) motion to dismiss plaintiff Shaunelle Foster's claim as untimely, which the Court converted to a motion for summary judgment, is denied. Defendant Sears' Rule 12(b)(6) motion to dismiss plaintiff Foster's section 1983 claim is granted and that claim is dismissed with prejudice. Ruling date of 12/6/01 is stricken. Status hearing set for 11/27/01 at 11:00a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 1 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 NOV 15 AM 11:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
NOV 1 6 2001

SHAUNELLE FOSTER, )
 )
    Plaintiff, )
 )
v. ) No. 01 C 1304
 ) Paul E. Plunkett, Senior Judge
SEARS LOGISTICS SERVICES, INC., )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Shaunelle Foster has sued Sears Logistics Services, Inc. ("Sears") for its alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Sears has filed a Federal Rule of Civil Procedure Rule ("Rule") 12(b)(6) motion to dismiss the complaint as untimely. For the reasons set forth below, the Court converts the motion to dismiss to a motion for summary judgment and denies the motion.

## The Legal Standard

In relevant part, Rule 12(b) states: "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed

of as provided in Rule 56. . . ." In opposition to Sears' motion, plaintiff has submitted portions of the deposition testimony she gave in this case. As both parties are aware, the deposition was taken for the sole purpose of resolving the statute of limitations issue. The Court will, therefore, consider the deposition testimony on this motion, but must convert it to a motion for summary judgment to do so.

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

Title VII requires a plaintiff to file suit within ninety days of the date the EEOC issues a right to sue notice. 42 U.S.C. § 2000e-5(f)(1). In this circuit, the general rule is that the ninety-day time period begins to run on the day that the plaintiff or his attorney actually receives the right to sue notice. Jones v. Madison Serv. Corp., 744 F.2d 1309, 1312 (7th Cir. 1984). There is an exception to that rule, however. If receipt of the notice is delayed and the delay is the fault of the claimant, the ninety-day period will be calculated from the day the claimant reasonably should have received the notice. See, e.g., St. Louis v. Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984) (court calculated

ninety-day period from the date the notice was delivered to the address plaintiff gave the EEOC, though he actually received the notice much later, because he failed to notify the EEOC of his change of address); Bobbit v. Freeman, 132 F. Supp. 2d 1110, 1111 (N.D. Ill. 2000) (court calculated ninety-day period from the date the notice should have arrived at plaintiff's home, not the date she returned home after an extended business trip), aff'd, No. 00-3326, 2001 WL 1205381 (7th Cir. Oct. 11, 2001). There is no dispute in this case that plaintiff's receipt of the right to sue notice was delayed. The question is whether that delay was caused by plaintiff or was the result of circumstances beyond her control.

The record reveals the following. Plaintiff lives in a two-flat apartment building that is surrounded by a seven-foot fence. (Pl.'s Resp. Mem. Opp'n Def.'s Mot. Dismiss, Ex. A, Foster Dep. at 21.) For security reasons, the gate to the fence is generally locked. (Id. at 23.) Because plaintiff's mailbox is inside the fence, the postal carrier usually delivers her mail by bundling it, securing it with a rubber band and tossing it over the fence. (Id. at 24-25.) The EEOC issued plaintiff a right to sue notice on October 31, 2000 and sent it her home via certified mail. (Id., Ex. D, 11/27/00 Letter to Foster from Rowe.) The postal carrier attempted to deliver it on November 1, 2000, but could not because, as he noted on the envelope, the "gate [was] locked." (Id., Ex. C.) On November 2 and 7, 2000, the postal carrier again made unsuccessful delivery attempts. (Id.) Foster was unaware of these attempts until she received, via regular mail, a letter dated November 27, 2000 from the EEOC explaining that it had previously tried to send the notice to her via certified mail. (Id., Ex. A, Foster Dep. at 28-31.)

Defendant says that plaintiff did not receive the notice promptly because she failed "to take reasonable steps to ensure that she would receive this kind of notification." (Def.'s Mem. Law Supp.

Mot. Dismiss at 3.) The Court disagrees. Had plaintiff known when the EEOC would send the notice and the delivery method it would use, we might agree with defendant. But there is no evidence that plaintiff knew when to expect the notice or that the EEOC would use certified mail. There is also no evidence to suggest that she knew the locked gate might impede her receipt of the notice. On the contrary, the record shows that the postal carrier routinely bundled up plaintiff's mail and threw it over the fence. Even if the locked gate prevented the carrier from delivering the certified letter, plaintiff had no reason to believe that an attempted delivery notice would not be included with her regular mail. In short, there is no basis in this case to depart from the general rule that the ninety-day limitations period starts running from the day the plaintiff actually receives the right to sue notice.

Even if the actual receipt rule applies, defendant argues, plaintiff is still out of luck because her pro se complaint states that she received the right to sue notice ninety-one days before she filed this suit. There are two problems with this argument. The first is that the letter notifying plaintiff of her right to sue, which is attached as an exhibit to the complaint, is dated November 27, 2000. Thus, even if it were mailed the same day, plaintiff would not have received it until November 28, 2000, at the earliest. Because the EEOC's letter establishes the date of receipt as November 28, 2000, plaintiff's complaint, which was filed ninety days later on February 26, 2001, is timely. See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 454 (7th Cir. 1998) (noting that exhibits to complaint control over allegations when the two conflict).

Moreover, even if plaintiff had received the letter the day it was mailed, her complaint would still be timely. According to Rule 6(a) if the last day of "any period of time prescribed by . . . any applicable statute" falls on a Saturday or Sunday, "the period runs until the end of the next day." The

ninetieth day after November 27, 2000 was February 25, 2001, which was a Sunday. Plaintiff, therefore, had until Monday, February 26, 2001, the day she filed, to timely file her complaint.

There is one remaining issue. Plaintiff's complaint says that she is also suing Sears for its alleged violation of 42 U.S.C. § ("section 1983") 1983. Plaintiff concedes that she has no basis for asserting a section 1983 claim against this private defendant. That claim is, therefore, dismissed.

## Conclusion

For the reasons set forth above, Sears' Rule 12(b)(6) motion to dismiss plaintiff's Title VII claim as untimely, which the Court converted to a motion for summary judgment, is denied. Sears' Rule 12(b)(6) motion to dismiss plaintiff's section 1983 claim is granted and that claim is dismissed with prejudice.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 11-14-01